### EX PARTE ED. REEVES.

#### No. 2129.     Decided November 22, 1899.

**County Convict—Pauper's Oath—Imprisonment as Satisfaction of Judgment.**

A defendant convicted of a misdemeanor with punishment assessed at a pecuniary fine, who makes oath that he is unable to pay the fine and costs, is entitled to his discharge from the judgment and further imprisonment after he has been confined in the county jail a sufficient length of time, at $3 per day, to make the amount equal to the amount of the judgment. Code Crim. Proc., art. 856.

APPEAL from the County Court of Eastland. Tried below before Hon. G. W. DAKAN, County Judge.

Appeal from a judgment of court upon a habeas corpus hearing remanding relator to custody.

The opinion states the case.

No brief on file for relator.

*Rob't A. John,* Assistant Attorney-General, for respondent.

BROOKS, Judge.—Relator sued out a writ of habeas corpus before the Hon. G. W. Dakan, county judge of Eastland County, and, upon hearing of said application, the court remanded applicant until the fine and costs were paid in a certain case wherein applicant had pleaded guilty in the County Court, and committed to jail in default of the payment of said fine and costs. The testimony introduced upon the trial of the case is in substance, as follows: Applicant introduced in evidence a copy of the bill of costs in cause No. 1251, in which applicant pleaded guilty in the County Court, at the October term, 1899, which bill of costs shows that the aggregate amount of said costs and fine is $63.18; also an affidavit made by applicant, as follows: "I, Ed. Reeves, defendant in the above styled and numbered cause, now confined in the jail of said county in default of the payment of fine and costs adjudged against him by said court in said cause, do solemnly swear that I am unable to pay said fine and costs so adjudged against me herein; so help me God." Signed and sworn to and filed on the 5th day of October, 1899. The writ of commitment is dated October 5, 1899. J. H. Hunt, for applicant, testified that he was constable of precinct No. 1 of Eastland County, and was authorized by the county judge to take charge of the convicts confined in the county jail on the 9th of October, 1899, and put them to work. Witness took the convicts, among them applicant, on October 9th, and worked them five days, after which time witness quit working them, and they have not been put to work since that date. Applicant worked three of said five days, and was sick the other two days. Witness says he quit working the convicts on account of other business demanding his attention. G. W. Dakan, county judge, testified that he authorized the witness Hunt to take the convicts confined in jail and work them; he does not recall the date that he granted said authority; that he had not tried to hire applicant to any person, firm or corporation; that he contracted with John Martin to take charge of the county convicts on the day the application herein was tried, and partially made a contract with Martin about two weeks before, but did not consummate the contract until the date of the trial of this case. J. L. Noble testified that he was sheriff of Eastland County, and had applicant confined in the county jail, and had him in custody since October 5, 1899, and held him by virtue of a commitment placed in his hands on that day. The State introduced the judgment of the conviction of applicant, which was properly signed by the county judge of said county. There is also, in the statement of facts, order No. 37, taken from the Commissioners Court minutes, which said order authorized the county judge of said county, and his successors in office, to take charge of all convicts convicted of misdemeanors,

whose punishment has been or may be assessed at imprisonment in the county jail of said county for any term longer than one day, or when under a like conviction, they have been adjudged to pay a pecuniary fine and are unable to do so, and who have not been hired out in accordance with the provisions of title 79, chapter 10, Sayles' Civil Statutes, and they shall be put to work at manual labor upon the county poor farm, or upon the public roads or streets of said county, to be determined under the direction of the county judge. This habeas corpus trial occurred on October 30, 1899.

Article 856: "When a defendant is convicted of a misdemeanor, and his punishment is assessed at a pecuniary fine, if he make oath in writing that he is unable to pay the fine and costs adjudged against him, he may be hired out to manual labor, or be put to work in the manual labor workhouse, or on the manual labor farm, or public improvements of the county; or, in case there be no such workhouse, farm or improvements, and in case the county authorities fail to hire out such convict in accordance with the law regulating county convicts, he shall be imprisoned in the county jail for a sufficient length of time to discharge the full amount of the fine and costs adjudged against him, rating such punishment at three dollars for each day thereof." Code Crim. Proc. It will be seen from the foregoing article that the applicant is entitled to a credit of $3 for each day he is confined in jail and the authorities fail to hire such convict out in accordance with the laws regulating county convicts. The statement of facts, as indicated above, shows a total failure on the part of the authorities to hire out the applicant. He made his affidavit on the 5th day of October, and this trial occurred on October 30th. Hence, according to the terms, spirit, and letter of said statute, applicant is entitled to be discharged. Ex Parte Hunt, 28 Texas Crim. App., 361; Childers v. State, 25 Texas Crim. App., 658. For the reasons indicated, the judgment of the lower court is reversed, and the applicant is fully discharged from custody, and from any further liability upon the judgment involved in this case.

*Reversed and application discharged.*